■ In the Matter of WILLIAM ORENGA et al., Appellants, v RICHARD L. HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated October 7, 1988, which, *inter alia,* reinstated and granted certain of the respondent landlord's petitions for administrative review, the petitioners appeal from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), dated April 4, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

We find unpersuasive the tenants' contention that the Commissioner exceeded his authority when he reinstated the owner's petitions for administrative review (hereinafter PARs) after previously dismissing them as untimely. The Rent Stabilization Code (9 NYCRR 2527.8) specifically provides that the New York State Division of Housing and Community Renewal, on its own initiative, may issue an order revoking a prior order which it finds was the result of, among other things, "irregularity in vital matters" (9 NYCRR 2527.8). We conclude that the initial finding that the subject PARs were filed untimely, later found to be erroneous, constitutes an "irregularity in vital matters" within the meaning of the Rent Stabilization Code *(see,* 9 NYCRR 2527.8) and the tenants' assertion that this error should be binding upon the agency to the detriment of the owner is without merit. We have considered the tenants' remaining contentions and find them to be equally lacking in merit. Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.